UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRABHJOT KAUR (A-240-959-102),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-5349 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Prabhjot Kaur (A-240-959-102), a native and citizen of India who is proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was admitted to the United States on August 18, 2022, on an F-1 student visa with an expiration date of August 4, 2027. On or about July 7, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner. For the reasons that follow, the Court recommends that the petition for a writ of habeas corpus be granted.

## I. FACTUAL BACKGROUND

Petitioner is a 28 year old citizen and native of India. (ECF No. 1 at 12.) Petitioner was admitted to the United States on August 18, 2022, on an F-1 student visa with an expiration date of August 4, 2027. (Id. at 13; ECF No. 1-2 at 20.) Petitioner filed an application for asylum

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

within one year of her arrival, on September 1, 2022. (ECF No. 1 at 13, No. 1-2 at 7-15.) Petitioner got her employment authorization document, continued pursuing her career in the health care industry, and obtained her Registered Nurse ("RN") license on May 16, 2025. (ECF No. 1-2 at 27.)

On May 1, 2023, petitioner married a United States citizen, Talvinder Singh. (Id. at 24.) On November 9, 2025, petitioner and her husband's baby daughter was born in Modesto, California. (Id. at 25.) Petitioner's husband petitioned for petitioner to immigrate to the United States by filing an I-130 petition, and petitioner filed an application to register permanent residence or adjust status (I-485) on February 19, 2026. (ECF No. 1 at 13; ECF No. 1-2 at 22.) On July 7, 2026, petitioner and her husband appeared for an interview on her pending I-485 application. (ECF No. 1 at 13.)

On July 7, 2026, Department of Homeland Security ("DHS") detained petitioner. (Id.) That same day, petitioner was issued a Notice to Appear and placed into Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 6 at 10.) The Notice to Appear charged petitioner as removable pursuant to INA Section 237(a)(1)(C)(i) (8 U.S.C. § 1227(a)(1)(C)(i)), as a noncitizen who failed to maintain her status under which she was admitted (student). (Id.) A warrant for petitioner's arrest issued on July 7, 2026. (Id. at 14.)

Petitioner has no criminal history. (ECF No. 1 at 14.)

Petitioner is being detained pending removal proceedings under 8 U.S.C. § 1226(a). (ECF No. 6 at 2.) She has been in continuous detention since July 7, 2026. (ECF No. 1 at 13.)

## II. PROCEDURAL BACKGROUND

On July 10, 2026, petitioner filed her petition for writ of habeas corpus through counsel. (ECF No. 1.) On July 22, 2026, respondents timely filed a motion to dismiss. (ECF No. 6.) On July 24, 2026, petitioner timely filed a reply. (ECF No. 7.) Briefing is now complete.

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges her detention as a violation of her Fifth Amendment due process rights (claims one and two), and alleges a violation of her Fourth Amendment right to be free from unreasonable seizure by the government (claim three). In the motion to dismiss, respondents do not dispute that petitioner is entitled to receive a custody re-determination hearing under section 1226(a), and state that this petition may be construed as petitioner's request for a hearing. (ECF No. 6 at 3.) Respondents then argue petitioner should be required to exhaust her administrative remedy, and the Court should dismiss the petition or, alternatively, stay these proceedings while she exhausts her remedy. (Id. at 4.) In reply, petitioner argues that respondents' acknowledgment that petitioner is entitled to a custody redetermination hearing means respondents have abandoned any argument that petitioner is subject to mandatory detention under another statutory provision, leaving the appropriate remedy as the sole remaining dispute. (ECF No. 7 at 2.) Petitioner argues that ordering a bond hearing would not remedy the constitutional violation because petitioner has already suffered the violation, and contends that due process entitles her to immediate release. (Id.)

///

**A. Statutory Basis for Detention**

The parties agree that petitioner's detention is governed by 8 U.S.C. § 1226(a). 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

**B. Due Process Claim (Claim Two)**

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The Court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing

Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute. See Young v. Harper, 520 U.S. 143, 147-49 (1997) (finding due process requires pre-deprivation hearing before revocation of preparole); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (same, in probation context); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (same, in parole context).

Here, petitioner has a protected liberty interest in remaining out of custody where she was allowed to live in the United States for almost four years since August 2022. Such time allowed petitioner to form "enduring attachments of normal life." Morrissey, 408 U.S. at 482.

Next, the Court turns to what procedures are necessary to ensure that the deprivation of that protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th at 1206; see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). Petitioner has lived in the United States free from custody for almost four years since August 2022. Petitioner has an infant daughter who was only eight months old when petitioner was

detained; she is married to an American citizen; and she is gainfully employed as a registered nurse.

The second Mathews factor also weighs in petitioner's favor. "The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Again, civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Respondents do not contend that petitioner is or was a flight risk or a danger to the community. (See generally ECF No. 6.) In addition, respondents do not contend that petitioner has a criminal record. (Id.) Here, petitioner has been detained since July 7, 2026, without being given an individualized bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. No neutral arbiter has determined whether petitioner is a flight risk or a danger to the community.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws, but respondents' interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094.

Overall, balancing these factors, the Court finds that the Mathews factors weigh in favor of finding petitioner is entitled to a bond hearing, and petitioner should have been provided such a hearing before he was detained. "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks and citation omitted) (emphasis added).

Respondents point to no reasons a pre-deprivation hearing could not be held, and provided no evidence of "urgent concerns," thus, "a pre-deprivation hearing is required to satisfy due process." Guillermo M. R. v. Kaiser, 791 F. Supp. 3d at 1036. Accordingly, the Court finds that

petitioner is entitled to relief on her due process claim.

**C. Exhaustion**

Respondents argue that petitioner failed to exhaust her administrative remedy. (ECF No. 6 at 3.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted her claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his [or her] administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available."). Given the age of petitioner's infant daughter, who was only eight months old when petitioner was detained without notice or a pre-deprivation hearing, this Court finds that petitioner may suffer irreparable injury without immediate judicial relief. The Court finds that exhaustion should be waived.

///

///

**D. Petitioner's Other Claims and Requests**

The Court declines to reach petitioner's remaining habeas corpus claims asserting that her substantive due process rights and her Fourth Amendment rights (claims one and three) were violated. (See ECF No. 1 at 16-17, 18.). See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to habeas relief based on the court's ruling as to claim two.

In addition, because the Court recommends that petitioner be immediately released, the Court declines to recommend that a declaratory judgment be issued.

Petitioner's request for attorneys' fees (ECF No. 1 at 20) is denied without prejudice subject to renewal in a properly-filed motion.

**V. CONCLUSION**

In summary, the Court recommends that respondents' motion to dismiss be denied, and the petition for writ of habeas corpus be granted on claim two.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 6) be DENIED.
2. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on claim two.
3. Respondents be ordered to IMMEDIATELY release petitioner Prabhjot Kaur (A-240-959-102), and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.
4. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to

the community such that her physical custody is legally justified. Petitioner shall be allowed to have her counsel present at any such hearing.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kaur5349.mtd.2241.imm